IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUMBRE, INC., a California corporation, and Coachella Valley Insurance Service, Inc., a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE COMPENSATION INSURANCE FUND, a public enterprise fund,<br><br>    Defendant.<br>_____/ | No. C 09-02706 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND GRANTING DEFENDANT'S MOTION TO DISMISS |

    On June 24, 2009, Plaintiffs Cumbre, Inc. and Coachella Valley Insurance Service, Inc., filed a motion for a preliminary injunction to require Defendant State Compensation Insurance Fund to admit Plaintiffs as approved State Fund brokers.  On July 14, 2009, Defendant filed a motion to dismiss.  Having considered oral argument and all of the papers filed by the parties, the Court denies Plaintiffs' motion for a preliminary injunction and grants Defendant's motion to dismiss.

BACKGROUND

    Plaintiffs are both California corporations in the insurance brokerage business.  Defendant is a public enterprise fund and

California agency organized under the Department of Industrial Relations.[1]  See Cal. Ins. Code § 11773; Cal. Lab. Code § 56.

On January 1, 2003, the parties entered into a written contract which authorized Plaintiffs as brokers to obtain workers' compensation insurance for its clients from Defendant.  On April 2, 2003, Defendant notified Plaintiffs that it was terminating the contract because their "book of business" produced a "consistently unprofitable loss ratio."  Defendant's Request for Judicial Notice (RJN), Exh. 1 at ¶¶ 12, 17.  Plaintiffs appealed the termination decision to Defendant, but Defendant rejected the appeal.  After the termination, Plaintiffs were not permitted to place new business with Defendant.  However, Plaintiffs were allowed to maintain their existing policies.  In the year before the termination, Plaintiffs' policies produced over $1,425,000 in commissions.  After the termination, Plaintiffs' policies amassed $580,000 in commissions.  On July 2, 2003, Plaintiffs filed suit against Defendant in state court for damages from the termination.

In 2004, while the lawsuit was pending, Defendant offered to reinstate all terminated brokers, including Plaintiffs, under the condition that the brokers dismiss all lawsuits connected to the 2003 termination.  The letter stated: "Brokerages engaged in litigation with State Fund which arises in whole or in part out of State Fund's termination of any brokers or State Fund's broker rehabilitation program are not eligible for reinstatement."  Plaintiffs chose not to dismiss the lawsuit and they were not

---

[1] The Court grants Defendant's request to take judicial notice of the court documents submitted in opposition to Plaintiffs' motion for a preliminary injunction and in support of its motion to dismiss.

2

reinstated.  Plaintiffs then amended their complaint in state court to allege a cause of action for violating 42 U.S.C. § 1983 claiming that Defendant's reinstatement offer impeded Plaintiffs' constitutional right of access to the courts guaranteed in the petition clause of the First Amendment.  The state court granted Defendant's demurrer to the § 1983 claim concluding that § 1983 does not provide a cause of action against state agencies that choose to impose conditions such as the instant reinstatement condition.  Plaintiffs amended their complaint again and asserted that Defendant's reinstatement condition violated their fundamental "right to petition the government for redress of grievances provided for in the First Amendment to the United States Constitution.  RJN, Exh. 13, ¶ 58.  Defendant demurred to that cause of action and the state court granted the motion without leave to amend.  The short order on the motion did not discuss the legal issues.  RJN, Exh. 16.

   The parties then cross-moved for summary judgment on the remaining causes of action: (1) violation of the duty of fair procedure; (2) unfair competition pursuant to California Business and Professions Code §§ 17200 et seq.; and (3) intentional interference with economic advantage.  The state court granted Defendant's motion, denied Plaintiffs' motion and dismissed the case.  Plaintiffs appealed.  The court affirmed in part and reversed in part the trial court's summary judgment order and affirmed the trial court's grant of Defendant's demurrer to Plaintiffs' § 1983 claim.  The appellate court specifically addressed Plaintiffs' argument that Defendant "impermissibly infringed upon its constitutional right to petition the court for

3

redress of grievances." RJN, Exh. 25 at 45. The court "conclude[d] that [Plaintiffs] cannot establish that [Defendant's] conditional reinstatement offer resulted in a deprivation of a constitutional right." Id. at 47. The case was remanded for trial on two claims: (1) violation of the duty of fair procedure and (2) unfair competition. The violation of the duty of fair procedure claim was tried before a jury, which found for Defendant; and the §§ 17200 et seq. claim was tried before the court, which also found for Defendant. The court entered judgment on June 5, 2009 and Plaintiffs filed a notice of appeal on July 9, 2009.

Meanwhile, on March 24, 2009, Plaintiffs filed another application to be brokers for Defendant. On March 31, 2009 Defendant denied the application, noting that Plaintiffs were still engaged in litigation against Defendant. Defendant stated,

> As you know, in March 2004, State Fund offered to reinstate Cumbre and all other terminated brokers effective August 1, 2004, on certain conditions. One of those conditions was that the broker not be engaged in litigation against State Fund concerning the broker termination program. . . . Consequently, to the extent your clients wish to seek reinstatement as brokers having contractual relationships with State Fund, that process should not occur prior to the resolution of the pending litigation.

Complaint, Exh. B.

Plaintiffs filed the present lawsuit on June 17, 2009. Plaintiffs claim the latest denial unconstitutionally conditioned their broker application on relinquishing their "fundamental right of access to the courts, which is part of the right to petition the government for redress of grievances provided for in the First Amendment to the United States Constitution." Complaint ¶ 11. Plaintiffs seek a preliminary injunction requiring Defendant "to enter into broker agreements with plaintiffs on the same terms and

4

conditions as [Defendant] contracts with its other newly appointed brokers." Id. at ¶ 12.

LEGAL STANDARD

I.  Motion for a Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).  "[T]he required showing of harm varies inversely with the required showing of meritoriousness." Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987)).  "When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'" Id. (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

II. Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim,

5

1  the court will take all material allegations as true and construe
2  them in the light most favorable to the plaintiff. <u>NL Indus., Inc.</u>
3  <u>v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). However, this
4  principle is inapplicable to legal conclusions; "threadbare
5  recitals of the elements of a cause of action, supported by mere
6  conclusory statements," are not taken as true. <u>Ashkcroft v. Iqbal</u>,
7  ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550
8  U.S. at 555).

## DISCUSSION

10  Plaintiffs argue that there is a sufficient likelihood that
11 they will succeed on the merits of their constitutional claim to
12 support the grant of a preliminary injunction. Defendants assert
13 that Plaintiffs' claim is barred by res judicata.
14  Res judicata, also known as claim preclusion, prohibits the
15 re-litigation of any claims that were raised or could have been
16 raised in a prior action. <u>W. Radio Servs. Co., Inc. v. Glickman</u>,
17 123 F.3d 1189, 1192 (9th Cir. 1997) (citing <u>Federated Dep't Stores,</u>
18 <u>Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)). The purpose of res
19 judicata is to "relieve parties of the cost and vexation of
20 multiple law suits, conserve judicial resources, and, by preventing
21 inconsistent decisions, encourage reliance on adjudication." <u>Marin</u>
22 <u>v. HEW, Health Care Fin. Agency</u>, 769 F.2d 590, 594 (9th Cir. 1985)
23 (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). Res judicata
24 operates where there is "1) an identity of claims, 2) a final
25 judgment on the merits, and 3) identity or privity between
26 parties." <u>W. Radio</u>, 123 F.3d at 1192 (citing <u>Blonder-Tongue Labs.</u>
27 <u>v. Univ. of Ill. Found.</u>, 402 U.S. 313, 323-24 (1971)). To
28 determine the preclusive effect of a state court judgment, the

court looks to state law.  Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005).

Plaintiffs do not dispute that the parties in the two actions are identical.  Plaintiffs first dispute that the state appellate court's decision, which "conclude[d] that [Plaintiffs] cannot establish that [Defendant's] conditional reinstatement offer resulted in a deprivation of a constitutional right," constitutes a final state court judgment.  RJN, Exh. 25 at 47.  The "finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired."  Franklin & Franklin v. 7-Eleven Owners, 85 Cal. App. 4th 1168, 1174 (2000).  Plaintiffs assert that, because other causes of action were remanded back to the trial court and those causes of action are currently on appeal, the judgment is not final.

Plaintiffs rely on Fury v. City of Sacramento, 780 F.2d 1448, 1452 (9th Cir. 1986), for support.  Fury was a takings case in which Fury claimed that a re-designation of his land as open space constituted a taking for which he should be compensated.  Fury initially filed complaints in both federal and state court.  The federal court abstained from hearing the case until the state court resolved the state constitutional claims, but reserved jurisdiction to determine any issues of federal constitutional law, if necessary.  Furey v. City of Sacramento, 24 Cal. 3d 862, 870 (1979).  The state trial court sustained Defendant's demurrer and dismissed the action.  On appeal, the California Supreme Court affirmed the dismissal with respect to two of the plaintiff's takings theories, but reversed and remanded with respect to the

7

third theory. Thus, the California Supreme Court did not issue a final judgment on the third takings theory. After the California Supreme Court handed down its decision, the plaintiff did not further pursue his state court action. Instead, the plaintiff reactivated his federal action by filing an amended complaint, which asserted only a federal constitutional claim. The federal constitutional claim pursued was based on the same takings theory that the California Supreme Court allowed him to pursue. When reviewing the plaintiff's federal claims, the Ninth Circuit noted that res judicata did not apply because the plaintiff's "claim in this action raises only issues of federal constitutional law." Furey, 780 F.2d at 1453 n.3. The Ninth Circuit stated that the federal court "explicitly retained jurisdiction over the federal issues" and "the state court action was not pursued to final judgment." Id. (internal citations omitted).

Furey does not establish that an interim decision of the California Court of Appeal lacks preclusive effect. Moreover, Furey is distinguishable. In the present case, the court of appeal decision is final as to Plaintiff's constitutional claim. After the court of appeal issued its decision, Plaintiffs filed a timely petition for rehearing on the constitutional claim, which was denied. Thereafter, the court of appeal issued a remittitur, which finalized the court of appeal's decision. Plaintiffs did not file a petition for review with the California Supreme Court.

The remittitur terminates the court of appeal's jurisdiction over the case and re-vests jurisdiction in the trial court subject to the limitations set forth in the opinion. People v. Dutra, 145 Cal. App. 4th 1359, 1366 (2006). Because the trial court had

8

jurisdiction only over the two remaining causes of action, and not the constitutional claim, the court of appeal's judgment is final as to the constitutional claim.

Plaintiffs also dispute that the 2009 complaint is based on the same claim as the prior cause of action that was dismissed. To determine the likeness of the claims, California utilizes the primary right theory. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002).

> Under this theory, a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. . . . [T]he primary right is simply the plaintiff's right to be free from the particular injury suffered.  It must therefore be distinguished from the legal theory on which liability for that injury is premised . . . The primary right must also be distinguished from the remedy sought: The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.  [T]he harm suffered is the significant factor in defining a primary right.

Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of America, 133 Cal. App. 4th 1319, 1327 (2005) (internal citations and quotations omitted). Plaintiffs allege that Defendant's 2009 rejection of Plaintiffs' brokerage application and Defendant's 2004 rejection involve separate and distinct facts and, therefore, are not identical. Although the rejections occurred five years apart, the "harm suffered" by Plaintiffs has not changed over the years. In both cases Plaintiffs allege the same wrong -- Defendant's conditioning the opportunity to do business with it on the dismissal of the same ongoing litigation. Defendant's March, 2009 rejection of Plaintiffs' broker applications is nothing more than a reiteration

9

1  of the same act that constituted the alleged constitutional
2  violation in the previous case.  Therefore, Plaintiffs have not
3  alleged any new facts to avoid the preclusive effect of res
4  judicata.
5     Plaintiffs argue that res judicata should not apply because
6  the court of appeal's decision did not rule on his claim of an
7  unconstitutional condition.  Plaintiffs assert that the court of
8  appeal "mischaracterized Cumbre's Section 1983 claim as 'impairment
9  of access to the courts'."  Motion for Preliminary Inj. at 13.
10 This argument has no merit.  Plaintiffs characterized their own
11 claim as one of access to the courts under the petition clause of
12 the First Amendment.  The appellate court specifically addressed
13 Plaintiffs' "claim[] that State Fund violated its First Amendment
14 right by impeding its access to the courts."  RJN Ex. 25 at 41.
15 After discussing whether Plaintiffs had an adequate remedy
16 available in state court, the court held, "We conclude that Cumbre
17 cannot establish that State Fund's conditional reinstatement offer
18 resulted in a deprivation of a constitutional right."  Id. at 47.
19 Further, Plaintiffs raised this issue in their petition for
20 rehearing, which was denied.
21     Accordingly, the Court concludes that res judicata bars
22 Plaintiffs' claim.

                              CONCLUSION

24     For the foregoing reasons, the Court denies Plaintiffs' motion
25 for a preliminary injunction (Docket No. 8) and grants Defendant's
26 motion to dismiss (Docket No. 14).  Because amendment would be
27 futile, the Court dismisses Plaintiffs' complaint with prejudice.
28 The Clerk shall enter judgment and close the file.  Defendant shall

1  recover its costs from Plaintiffs.
2       IT IS SO ORDERED.

4  Dated: September 22, 2009
                                          _____
                                          CLAUDIA WILKEN
                                          United States District Judge